**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
JAN 11 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JOHANNES WEBER, )
)
    Plaintiff, )
)
v. ) Civil Action No. 11 0061
)
UNITED STATES OF AMERICA, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter comes before the Court upon review of plaintiff's application for leave to proceed *in forma pauperis* and *pro se* complaint. The application will be granted but the complaint will be dismissed.

Plaintiff, a German citizen, has a criminal history which includes a 1995 conviction on three counts of wire fraud and a 2001 conviction on one count of obstructing justice in violation of 18 U.S.C. § 1503. Compl. at 4; *see United States v. Weber*, 320 F.3d 1047 (9th Cir. 2003) (affirming conviction of obstructing justice and 84-month incarceration, and a consecutive 24-month incarceration for violating terms of supervised release). According to plaintiff, the presentence investigative report ("PSI") prepared in 1995 includes "many criminal matters which [plaintiff] was never convicted of or charged with in the United States, including . . . minor driving offen[s]es . . . that had been expunged and minor offen[s]es involving public drunkenness, . . . [and] non-payment [of] hotel bills." Compl. at 4. It appears that the PSI had been shared with Interpol and with law enforcement agencies abroad, which prompted "Interpol London [to] issue[] a blue notice" in December 2000 and which thwarted his attempt to become a permanent resident of New Zealand . *Id.* at 6. Plaintiff contends that he was unlawfully



3

convicted and wrongfully imprisoned in 2001, and that the defendants conspired "to violate the criminal laws of the United States of America (perjury) and [plaintiff's] constitutional and civil rights to a fair trial." Compl. at 3. Relying on the Alien Tort Statute ("ATS"), *see* 28 U.S.C. § 1350, plaintiff "demands damages from the United States government in the sum of $25,000,000 . . . [f]or lost income, false imprisonment, . . . kidnapping, [and] human rights violations." Compl. at 11.

The Court will dismiss plaintiff's complaint because it fails to state a claim upon which relief can be granted. "[T]he [ATS] . . . provides no substantive rights that could be the subject of any claimed violation." *Harbury v. Hayden*, 444 F. Supp. 2d 19, 38 (D.D.C. 2006), *aff'd*, 522 F.2d 413 (D.C. Cir. 2008), *cert. denied*, 129 S.Ct. 195 (2008); *see Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004) (declining to expand the jurisdiction conferred by the ATS on federal courts "as authority for the creation of a new cause of action for torts in violation of international law"); *see Al-Zahrani v. Rumsfeld*, 684 F. Supp. 2d 103, 116 (D.D.C. 2010) ("Consistent with *Sosa* and its progeny, the Court concludes that the ATS is not a violable statute for purposes of the Westall Act statutory exception."). Even if plaintiff had articulated a legally cognizable tort, he cannot show that the United States has waived its sovereign immunity for such a claim. *See Industria Panificadora, S.A. v. United States*, 957 F.2d 886, 887 (D.C. Cir. 1992) (stating that the ATS "itself does not provide a waiver of sovereign immunity"); *Al-Aulaqi v. Obama*, No. 10-1469, 2010 WL 4941958 (D.D.C. Dec. 7, 2010).

An Order accompanies this Memorandum Opinion.

/s/
United States District Judge

DATE: 12/30/10